WILLIAM R. TAMAYO, SBN 084965
JONATHAN T. PECK, #12303 (VA)
MARCIA L. MITCHELL #18122 (WA)
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, CA 94105-1260
Telephone No. (415) 625-5651
Fax No. (415) 625-5657
Marcia.Mitchell@eeoc.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br>v.<br><br>JOHN MUIR HEALTH,<br><br>Defendant. | CIVIL ACTION NO. CV 08 2634 BZ<br><br>COMPLAINT- CIVIL RIGHTS EMPLOYMENT DISCRIMINATION<br><br>JURY TRIAL DEMAND |

### NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Charging Parties Erika Thompson, Robin Russell and a class of similarly situated individuals who were adversely affected by such practices. The Commission alleges that Ms. Thompson, Ms. Russell and a class of similarly situated individuals were denied hired because they were regarded as disabled by a severe latex allergy.

### JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12117(a), which incorporates by reference Section

COMPLAINT

706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the State of California, County of Contra Costa, and cities of Walnut Creek and Concord which are within the jurisdiction of this court.

## INTRADISTRICT ASSIGNMENT

3. This action is appropriate for assignment to San Francisco/Oakland because the unlawful employment practices alleged were and are being committed in Contra Costa County.

## PARTIES

4. Plaintiff, the Equal Employment Opportunity Commission (EEOC), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

5. At all relevant times, Defendant John Muir Health has continuously been a California Corporation, doing business in the State of California, in the County of Contra Costa, and has continuously had at least fifteen employees.

6. At all relevant times, Defendant John Muir Health has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §2000e(g) and (h).

7. At all relevant times, Defendant John Muir Health has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. §12111(2).

## STATEMENT OF CLAIMS

8. More than thirty days prior to the institution of this lawsuit, Charging Parties Erika Thompson nee Johnson and Robin Russell filed charges with the EEOC alleging violations of Title I of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been

COMPLAINT                                    2.

fulfilled.

9. Since at least June of 2003, Defendant has engaged in unlawful employment practices at its Walnut Creek and Concord, California facilities in violation of Section 102(a) and (b)(1), (b)(2) and (b)(3) of the ADA, 42 U.S.C. §12112(a), (b)(1), (b)(2) and (b)(3). Specifically, Defendant failed to hire Ms. Thompson, Ms. Russell and a class of similarly situated individuals because it perceived them to be disabled by a severe latex allergy.

10. The effect of the practices complained of in paragraph 9 above has been to deprive Ms. Thompson, Ms. Russell and a class of similarly situated individuals of equal employment opportunities and otherwise to adversely affect their status as an employee because of a perceived disability.

11. The unlawful employment practices complained of in paragraph 9 above were and are intentional.

12. The unlawful employment practices complained of in paragraph 9 above were and are done with malice and/or reckless indifference to the federally protected rights of Ms. Thompson, Ms. Russell and a class of similarly situated individuals.

## PRAYER FOR RELIEF

WHEREFORE, the EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of disability.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Ms. Thompson, Ms. Russell and a class of similarly situated individuals by providing appropriate lost income with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

COMPLAINT                                                    3.

D.    Order Defendant Employer to make whole Ms. Thompson, Ms. Russell and a class of similarly situated individuals by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including medical expenses, with interest, in amounts to be determined at trial.

E.    Order Defendant Employer to make whole Ms. Thompson, Ms. Russell and a class of similarly situated individuals by providing compensation for past and future non-pecuniary losses resulting from the above unlawful employment practices, including pain and suffering, emotional distress, indignity, loss of enjoyment of life, loss of self-esteem, and humiliation, in amounts to be determined at trial.

F.    Order Defendant Employer to pay Ms. Thompson, Ms. Russell and a class of similarly situated individuals punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

G.    Grant such further relief as the Court deems necessary and proper in the public interest.

H.    Award the EEOC its costs in this action.

//
//
//
//
//
//
//
//
//
//
//
//

COMPLAINT    4.

## JURY TRIAL DEMAND

The EEOC requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

RONALD COOPER
General Counsel

U. S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1801 L Street, N.W.
Washington, D.C. 20507

Dated: 5/27/08

_____
WILLIAM R. TAMAYO
Regional Attorney

Dated: 5/27/08

_____
JONATHAN T. PECK
Supervisory Trial Attorney

Dated: May 27, 2008

_____
MARCIA L. MITCHELL
Senior Trial Attorney

Attorneys for Plaintiff EEOC

U. S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, California 94105-1260

COMPLAINT                                   5.

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

### I.(a) PLAINTIFFS
United States Equal Employment Opportunity Commission

### DEFENDANTS
John Muir Health

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.   Contra Costa County

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Marcia Mitchell, U.S. EEOC, 350 The Embarcadero, Suite 500
San Francisco, CA 94105, (415) 625-5651

ATTORNEYS (IF KNOWN)

### II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)
[X] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[ ] 3 Federal Question (U.S. Government Not a Party)
[ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For diversity cases only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ]1 | [ ]1 | Incorporated or Principal Place of Business In This State | [ ]4 | [ ]4 |
| Citizen of Another State | [ ]2 | [ ]2 | Incorporated and Principal Place of Business In Another State | [ ]5 | [ ]5 |
| Citizen or Subject of a Foreign Country | [ ]3 | [ ]3 | Foreign Nation | [ ]6 | [ ]6 |

### IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
[X] Original Proceeding
[ ] Removed from State Court
[ ] Remanded from Appellate Court
[ ] Reinstated or Reopened
[ ] Transferred from Another district (specify)
[ ] Multidistrict Litigation
[ ] Appeal to District Judge from Magistrate Judgment

### V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ]110 Insurance | PERSONAL INJURY | PERSONAL INJURY | [ ]610 Agriculture | [ ]422 Appeal 28 USC 158 | [ ]400 State Reapportionment |
| [ ]120 Marine | [ ]310 Airplane | [ ]362 Personal Injury Med Malpractice | [ ]620 Other Food & Drug | [ ]423 Withdrawal 28 USC 157 | [ ]410 Antitrust |
| [ ]130 Miller Act | [ ]315 Airplane Product Liability | [ ]365 Personal Injury Product Liability | [ ]625 Drug Related Seizure of Property 21 USC 881 | | [ ]430 Banks and Banking |
| [ ]140 Negotiable Instrument | [ ]320 Assault Libel & Slander | [ ]368 Asbestos Personal Injury Product Liability | [ ]630 Liquor Laws | **PROPERTY RIGHTS** | [ ]450 Commerce/ICC Rates/etc. |
| [ ]150 Recovery of Overpayment & Enforcement of Judgment | [ ]330 Federal Employers Liability | PERSONAL PROPERTY | [ ]640 RR & Truck | [ ]820 Copyrights | [ ]460 Deportation |
| [ ]151 Medicare Act | [ ]340 Marine | [ ]370 Other Fraud | [ ]650 Airline Regs | [ ]830 Patent | [ ]470 Racketeer Influenced and Corrupt Organizations |
| [ ]152 Recovery of Defaulted Student Loans (Excl Veterans) | [ ]345 Marine Product Liability | [ ]371 Truth in Lending | [ ]660 Occupational Safety/Health | [ ]840 Trademark | [ ]810 Selective Service |
| [ ]153 Recovery of Overpayment of Veteran's Benefits | [ ]350 Motor Vehicle | [ ]380 Other Personal Property Damage | [ ]690 Other | | [ ]850 Securities/Commodities/Exchange |
| [ ]160 Stockholders Suits | [ ]355 Motor Vehicle Product Liability | [ ]385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | [ ]875 Customer Challenge 12 USC 3410 |
| [ ]190 Other Contract | [ ]360 Other Personal Injury | | [ ]710 Fair Labor Standards Act | [ ]861 HIA (1395ff) | [ ]891 Agricultural Acts |
| [ ]195 Contract Product Liability | | | [ ]720 Labor/Mgmt Relations | [ ]862 Black Lung (923) | [ ]892 Economic Stabilization Act |
| [ ]196 Franchise | | | [ ]730 Labor/Mgmt Reporting & Disclosure Act | [ ]863 DIWC/DIWW (405(g)) | [ ]893 Environmental Matters |
| | | | [ ]740 Railway Labor Act | [ ]864 SSID Title XVI | [ ]894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ]790 Other Labor Litigation | [ ]865 RSI (405(g)) | [ ]895 Freedom of Information Act |
| [ ]210 Land Condemnation | [X]441 Voting | [ ]510 Motion to Vacate Sentence Habeas Corpus: | [ ]791 Empl.Ret. Inc. Security Act | **FEDERAL TAX SUITS** | [ ]900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ]220 Foreclosure | [X]442 Employment | [ ]530 General | | [ ]870 Taxes (US Plaintiff or Defendant) | [ ]950 Constitutionality of State Statutes |
| [ ]230 Rent Lease & Ejectment | [ ]443 Housing | [ ]535 Death Penalty | | [ ]871 IRS - Third Party 26 USC 7609 | [ ]890 Other Statutory Actions |
| [ ]240 Torts to Land | [ ]444 Welfare | [ ]540 Mandamus & Other | | | |
| [ ]245 Tort Product Liability | [ ]440 Other Civil Rights | [ ]550 Civil Rights | | | |
| [ ]290 All Other Real Property | [ ]445 Amer w/ disab - Empl | [ ]555 Prison Condition | | | |
| | [ ]446 Amer w/ disab - Other | | | | |
| | [ ]480 Consumer Credit | | | | |
| | [ ]490 Cable/Satellite TV | | | | |

### VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
Failure to hire under the Americans with Disabilities Act, 42 U.S.C. Sec. 12112 and the Civil Rights Act of 1991, 42 U.S.C. sec. 1981a

### VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
[ ] CHECK YES only if demanded in complaint:
JURY DEMAND: [X] YES [ ] NO

### VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

### IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)
[X] SAN FRANCISCO/OAKLAND    [ ] SAN JOSE

DATE: 5/27/08
SIGNATURE OF ATTORNEY OF RECORD