1

**MUSICK, PEELER & GARRETT** LLP
**ATTORNEYS AT LAW**
650 TOWN CENTER DRIVE, SUITE 1200
COSTA MESA, CALIFORNIA 92626-1925
TELEPHONE 714-668-2436
FACSIMILE 714-668-2490

2

3

David M. Lester (State Bar No. 119966)
  d.lester@mpglaw.com
Adam L. Johnson (State Bar No. 167067)
  a.johnson@mpglaw.com

4

5

6

Attorneys for John Muir Health

7

8

## UNITED STATES DISTRICT COURT

9

## NORTHERN DISTRICT OF CALIFORNIA

10

11

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

Case No. 3:08-cv-02634-BZ

12

Plaintiff,

Complaint Filed:  May 27, 2008

13

vs.

**ANSWER OF DEFENDANT JOHN MUIR HEALTH TO COMPLAINT**

14

15

JOHN MUIR HEALTH,

Defendant.

16

17

Defendant John Muir Health ("John Muir" or "Defendant") hereby

18

answers the averments contained in the Complaint of Plaintiff.

19

## NATURE OF THE ACTION

20

Answering the unnumbered introductory paragraph of the Complaint

21

entitled "Nature of the Action," John Muir admits that Plaintiff brings this action

22

under Title I of the Americans With Disabilities Act of 1990 and Title I of the Civil

23

Rights Act of 1991, but denies that John Muir engaged in any unlawful employment

24

practices, including any unlawful employment practices on the basis of disability, and

25

that neither of the Charging Parties, Erika Thompson, Robin Russell, or any class of

26

similarly situated individuals is entitled to any relief or award.  John Muir admits that

27

the Commission makes the averments in the second sentence of the introductory

28

paragraph, but denies that Ms. Thompson, Ms. Russell, or a class of similarly situated

592707.1

1 individuals "were denied hired [sic] because they were regarded as disabled by a
2 severe latex allergy."

3 ## JURISDICTION AND VENUE

4        1.      Answering Paragraph 1, John Muir admits that this Court has
5 jurisdiction over this action and that Plaintiff purportedly brings the action under the
6 Americans With Disabilities Act of 1990 ("ADA"), Title VII of the Civil Rights Act
7 of 1964 ("Title VII"), and Section 102 of the Civil Rights Act of 1991.

8        2.      Answering Paragraph 2, John Muir admits that the employment
9 practices at issue are allegedly being committed in Contra Costa County, in the cities
10 of Walnut Creek and Concord, but denies that any unlawful employment practices
11 were or are being committed, and denies any implication that it is liable to Plaintiff,
12 the Charging Parties, or the alleged class, or that the Complaint states a cause of
13 action against John Muir.

14 ## INTRA-DISTRICT ASSIGNMENT

15        3.      John Muir admits that this action is appropriate for assignment to
16 the San Francisco/Oakland district because Plaintiff avers that the employment
17 practices at issue were committed in Contra Costa County, but denies any implication
18 that it engaged in any of the unlawful employment practices alleged, that it is liable to
19 Plaintiff, or that Plaintiff's Complaint states a cause of action against John Muir.

20 ## PARTIES

21        4.      Answering Paragraph 4, John Muir admits the averments
22 contained in Paragraph 4 of the Complaint.

23        5.      Answering Paragraph 5, John Muir admits the averments
24 contained in Paragraph 5 of the Complaint.

25        6.      Answering Paragraph 6, John Muir admits the averments
26 contained in Paragraph 6 of the Complaint.

27        7.      Answering Paragraph 7, John Muir admits the averments
28 contained in Paragraph 7 of the Complaint.

**STATEMENT OF CLAIMS**

8.    Answering Paragraph 8, John Muir lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies generally and specifically each and every averment contained in Paragraph 8 of the Complaint.

9.    Answering Paragraph 9, John Muir admits that it did not hire Ms. Thompson and Ms. Russell.  Except as expressly admitted herein, John Muir denies generally and specifically each and every averment contained in Paragraph 9 of the Complaint.

10.    Answering Paragraph 10, John Muir denies generally and specifically each and every averment contained in Paragraph 10 of the Complaint.

11.    Answering Paragraph 11, John Muir denies generally and specifically each and every averment contained in Paragraph 11 of the Complaint.

12.    Answering Paragraph 12, John Muir denies generally and specifically each and every averment contained in Paragraph 12 of the Complaint.

**JOHN MUIR'S DEFENSES**

**FIRST DEFENSE**

(Failure to State a Claim for Relief)

13.    The Complaint, and each and every count averred therein, fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

(Statutes of Limitations)

14.    The Complaint and/or some of the putative class member's claims are barred by the applicable statutes of limitations.

**THIRD DEFENSE**

(Good Faith)

15.    The Complaint is barred in whole or in part, or recovery must be reduced, to the extent Defendant acted at all times in good faith, and believed it was

1 | complying with the applicable law.

2 | ## FOURTH DEFENSE

3 | (Improper Class Action)

4 | 16.    The Complaint does not state a proper class action in that it fails

5 | to define adequately a class of persons; the questions posed are not of common or

6 | general interest; the parties are not numerous and it is not impractical to bring them

7 | all before the Court; and the Charging Parties' claims are not typical of the purported

8 | class.

9 | ## FIFTH DEFENSE

10 | (Adequate Remedy At Law)

11 | 17.    The injury or damage allegedly suffered by the Charging Parties

12 | and/or the putative class members, if any, would be adequately compensated in an

13 | action for damages.  Accordingly, there is a complete and adequate remedy at law

14 | and Plaintiff is not entitled to seek equitable relief as against this Defendant.

15 | ## SIXTH DEFENSE

16 | (Failure to Mitigate)

17 | 18.    Defendant is informed and believes, and based thereon avers, that

18 | Plaintiff's claim for relief is barred, or in the alternative, is offset, by Plaintiff's, the

19 | Charging Parties', and/or individual class member's failure to mitigate damages, if

20 | any.

21 | ## SEVENTH DEFENSE

22 | (After-Acquired Evidence)

23 | 19.    Defendant is informed and believes and based thereon avers, that

24 | some or all of the class members' claims under the Complaint, or the damages

25 | alleged therein, may be barred by the doctrine of after-acquired evidence.

26 |

27 |

28 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## EIGHTH DEFENSE

### (Estoppel)

20.    Defendant is informed and believes, and based thereon avers, that some or all of the putative class members are estopped by their own actions and course of conduct from pursuing the claims in the Complaint.

## NINTH DEFENSE

### (Unclean Hands)

21.    Defendant is informed and believes, and based thereon avers, that some or all of the class members are barred from recovery by the doctrine of unclean hands.

## TENTH DEFENSE

### (Laches)

22.    Plaintiff and the putative class members are barred from any recovery against Defendant by reason of the doctrine of laches and undue delay in giving notice to Defendant of the matters averred in the Complaint and in commencing this litigation against Defendant.

## ELEVENTH DEFENSE

### (Lack of Prosecution)

23.    This action is subject to dismissal for lack of prosecution because of Plaintiff's undue delay in giving notice to Defendant of the matters averred in the complaint and in commencing this litigation against Defendant.

## TWELFTH DEFENSE

### (Insufficient Averments For Punitive Damages)

24.    Plaintiff is not entitled to an award of punitive damages because Plaintiff's claims for relief contain insufficient averments for imposition of punitive damages against this Defendant.

**THIRTEENTH DEFENSE**

(Punitive Damages Unconstitutional)

25.    The Complaint, to the extent that it seeks exemplary or punitive damages violates Defendant's rights to equal protection under the laws and to procedural and substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution, and the Constitution of the State of California, and therefore, fails to state a claim upon which either punitive or exemplary damages can be awarded.

**FOURTEENTH DEFENSE**

(No Punitive Damages Against Corporation)

26.    Plaintiff's allegations are insufficient to sustain the imposition of punitive damages against a corporate defendant pursuant to California Civil Code Section 3294.

**FIFTEENTH DEFENSE**

(ERISA Preemption)

27.    To the extent that the Complaint seeks damages for loss of employment benefits, it is preempted, in whole or in part, by the applicable provisions of the federal Employment Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq.

**SIXTEENTH DEFENSE**

(Valid Job-Selection Criteria/Business Necessity)

28.    John Muir's actions were based on valid job-selection criteria and/or business necessity.

**SEVENTEENTH DEFENSE**

(Direct Threat To Health Or Safety)

29.    John Muir's actions were appropriate because each putative class member's medical condition or perceived medical condition presented a significant risk to the health or safety of the individual and/or others.

**EIGHTEENTH DEFENSE**

(Failure To Exhaust Administrative Remedies)

30.    John Muir is informed and believes, and based thereon avers, that Plaintiff, the Charging Parties, and/or the putative class members, failed to exhaust administrative remedies and otherwise satisfy jurisdictional pre-requisites to bring this lawsuit.

WHEREFORE, Defendant prays for judgment as follows:

1.    That judgment be entered in favor of Defendant and against Plaintiff;

2.    That Plaintiff's Complaint be dismissed in its entirety with prejudice and that Plaintiff take nothing by reason thereof;

3.    That Defendant be awarded its costs of suit herein, and reasonable attorneys' fees; and

4.    For such other and further relief as the Court shall deem just and proper.


DATED:  June 20, 2008                    MUSICK, PEELER & GARRETT LLP


By:   _/s/ Adam L. Johnson_
      Adam L. Johnson
      Attorneys for John Muir Health

1

**CERTIFICATE OF SERVICE**

2

STATE OF CALIFORNIA
COUNTY OF ORANGE

3

4

     I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within entitled action; my business address is 650 Town Center Drive, Suite 1200, Costa Mesa, California 92626-1925.

5

6

     On June 20, 2008, I served the foregoing document(s) described as **ANSWER OF DEFENDANT JOHN MUIR HEALTH TO COMPLAINT** on the interested parties in this action as follows:

7

     **See Attached List**

8

☐   **BY PERSONAL DELIVERY.**  I delivered such envelope by hand to the offices of the addressee.

9

10

☐   **BY MAIL.**  I caused such envelope with postage thereon fully prepaid to be placed in the U.S. Mail at Costa Mesa, California.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Costa Mesa, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

11

12

13

14

☐   **BY FACSIMILE TRANSMISSION.**  I caused such document to be transmitted to the addressee(s) facsimile number(s) noted herein.  I caused the machine to print a transmission record of the transmission.  No errors were reported.

15

16

☐   **BY FEDERAL EXPRESS.**  I caused such envelope to the deposited at the Federal Express office at Costa Mesa, California for guaranteed one/two day delivery with delivery charges prepaid.  I am "readily familiar" with the firm's practice of collection and processing correspondence for delivery by Federal Express delivery service.  Under that practice, it would be deposited with the delivery service on that same day with delivery charges thereon fully prepaid at Costa Mesa, California in the ordinary course of business for delivery to the addressee.

17

18

19

20

☒   **BY ECF.**  I caused such documents to be e-filed with the Court which were then served via the ECF filing system.

21

☐   **BY EMAIL.**  I emailed such documents to the addressees at their email addresses on the attached list.

22

23

     Executed on June 20, 2008, at Costa Mesa, California.

24

☒  **(Federal)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

25

26

27

             _/s/  Karen S. Reisner_
             Karen S. Reisner

28

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

8

**ANSWER OF DEFENDANT JOHN MUIR HEALTH TO COMPLAINT**

1

## SERVICE LIST

2

William R. Tamayo
Jonathan T. Peck

3

Marcia L. Mitchell
United States EEOC

4

San Francisco District Office
350 The Embarcadero, Suite 500

5

San Francisco, CA 94105-1260
william.tamayo@eeoc.gov

6

jonathan.peck@eeoc.gov
maria.mitchell@eeoc.gov

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

592707.1

9

**ANSWER OF DEFENDANT JOHN MUIR HEALTH TO COMPLAINT**