WILLIAM R. TAMAYO, SBN 084965
JONATHAN T. PECK, #12303 (VA)
MARCIA L. MITCHELL #18122 (WA)
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, CA 94105-1260
Telephone No. (415) 625-5651
Fax No. (415) 625-5657
Marcia.Mitchell@eeoc.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br>v.<br><br>JOHN MUIR HEALTH,<br><br>Defendant. | CIVIL ACTION NO. 08-02634 PJH<br><br>JOINT CASE MANAGEMENT CONFERENCE STATEMENT<br><br>**Date:** September 11, 2008<br>**Time:** 2:30 p.m.<br>**Court:** The Honorable Phyllis J. Hamilton |

The parties to the above-entitled action jointly submit this Joint Case Management Statement pursuant to the Court's Standing Order.

**1. Jurisdiction and Service**

Plaintiff invokes jurisdiction of this Court pursuant to 28 U.S.C. §§451, 1331, 1337, 1343, and 1345, and asserts that this action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

Plaintiff asserts that the employment practices alleged to be unlawful were and are now being committed within Contra Costa County in the state of California, and more specifically, the cities of Concord and Walnut Creek, which are within the jurisdiction of this court.

The Complaint was served on Defendant on June 3, 2008 and Defendant answered the Complaint on June 22, 2008. There are no outstanding parties awaiting service.

2. **Facts**

**According to the Plaintiff:** The Equal Employment Opportunity Commission (EEOC) filed this public enforcement lawsuit based on charges of discrimination filed by Robin Russell and Erika Thompson (formerly Johnson). At the time the EEOC and Defendant conciliated these charges, the EEOC sought relief on behalf of seven individuals which it identified by name. Through discovery, the EEOC plans to explore whether other similarly situated individuals were affected by Defendant's policies and practices and will expand the class to include those individuals so affected.

The EEOC alleges that Defendant withdrew offers of employment to a class of applicants ("the claimants") because it regarded them as having life threatening latex allergies. Specifically, after administering blood tests, Defendant's occupational physician imposed a no exposure to latex restriction on the applicants after concluding that they had life-threatening (Type I) latex allergies. Relying on this misinformation, Defendant withdrew the conditional offers of employment claiming that the class members could not work in any position in a hospital setting.

The EEOC alleges that John Muir should not have relied exclusively on blood test results, which are known for false positives and which do not conclusively diagnose latex allergies or reveal the severity of an allergy. The EEOC alleges that John Muir should have sought comprehensive allergy screening with an allergist to determine whether the applicants were, in fact, allergic to latex and the extent of the latex allergy. For those with severe latex allergies, Defendant should have considered providing a reasonable accommodation.

COMPLAINT                                                                 2.

In addition to the perceived disability claims, the EEOC's lawsuit also alleges on behalf of Robin Russell that Defendant violated the confidentiality provisions of the ADA when a nursing manager disclosed to his subordinate that Ms. Russell was not hired because she had been diagnosed with a latex allergy.

**According to Defendant:**

The charges on which this lawsuit is based were filed over three and four years ago, respectively, and were based on facts existing at a time when John Muir Medical Center was not a "latex safe" health care facility. John Muir contends that the EEOC unreasonably delayed pursuing the claims in this action, and that its claims for injunctive relief are moot.

John Muir understands that the existing "class" of individuals in this "class action" lawsuit consists of seven individuals who applied for specific jobs at John Muir and whose conditional offers of employment were withdrawn after they were determined to have serious latex allergies. At the relevant time, John Muir reasonably required prospective employees whose employment involved working in a latex rich environment to be able to work in that environment without the risk of harming themselves or patients. After extending conditional offers of employment to the seven individuals, John Muir sent each individual to an occupational health physician who informed John Muir that they had serious latex allergies. John Muir made a determination whether the particular restrictions regarding exposure to latex could be accommodated in the particular jobs for which each individual applied, and it found that it could not accommodate those restrictions. (John Muir has accommodated numerous other individuals with latex allergies by, for example, permitting such individuals to use non-latex gloves when their condition and job permitted such an accommodation without risk to the health of the employee or patients.) John Muir proposed alternate positions to one or more members of the "class" that did not involve exposure to latex, but they declined to consider such positions.

COMPLAINT                                                              3.

In sum, John Muir determined that the seven individuals at issue could not work safely in the particular jobs at the particular locations at the particular times they applied, not that they "could not work in any position in a hospital setting," as the EEOC contends. John Muir understands that all of the claimants continue to work in the health care industry. John Muir contends that it did not violate the ADA.

Finally, the EEOC's assertions regarding violations of the confidentiality provisions of the ADA with respect to Robin Russell are not alleged in the Complaint, and are not alleged with sufficient specificity to enable John Muir to respond to them.

### 3. Legal Issues

The EEOC alleges that Defendant violated the Americans with Disabilities Act, 42 U.S.C. § 12112(a) and (b)(5)(A), by failing to hire a class of individuals based a perceived disability of severe latex allergy. The following are the issues of law (and fact) which are expected to be the most prominent in this case:

    A. Whether the claimants were qualified individuals with a disability as defined by the ADA.

    B. Whether Defendant failed to hire any of the claimants because it regarded them as disabled by a severe latex allergy.

    C. Whether Defendant had a duty under the ADA to provide and failed to provide reasonable accommodations to any of the claimants.

    D. Whether accommodating any the claimants would have imposed an undue hardship on Defendant.

    E. Whether any of the claimants had latex-related medical conditions which posed a danger to themselves or others.

    F. Whether Defendant violated the privacy provisions of the ADA by disclosing Robin

Russell's private medical information.

G. Whether any claim brought on behalf of the claimants is barred by laches, estoppel, or other defenses plead by Defendant.

H. Whether any of the claimants are entitled to damages, including, but not limited to lost pay and compensatory damages for emotional distress, pain and suffering.

I. Whether Defendant acted with malice and/or reckless indifference to the claimants' federally protected rights thereby entitling them to punitive damages.

J. Whether Plaintiff is entitled to injunctive relief.

K. Whether claimants' allegedly-perceived disability disqualified them from a broad class of jobs, or merely specific jobs and/or jobs at specific locations.

L. Whether it was reasonable for John Muir to require employees whose employment involved working in a latex rich environment to be able to work in that environment without the risk of harming themselves or patients.

M. Whether John Muir's alleged determination that claimants had a severe latex allergy was based on myth, fear, or stereotype.

N. Whether the EEOC conducted a reasonable investigation regarding the allegations in the Complaint prior to filing the lawsuit.

O. Whether it was reasonable for John Muir to rely upon a third party doctor for his opinion regarding claimants' latex allergies.

P. Whether Defendant is entitled to attorney fees and costs.

**4. <u>Motions</u>**

Charging Parties Robin Russell and Erika Johnson are seeking legal counsel to determine whether they will move to intervene into the lawsuit with parallel California state law claims.

The EEOC anticipates that it will file a motion for partial summary judgment at the close of

discovery.

Defendant anticipates that it will file a motion for summary judgment at the close of discovery.

**5. Amendment of Pleadings**

The EEOC will move to amend its complaint to assert the privacy claim on behalf of Robin Russell. The EEOC issued a determination in favor of Ms. Russell on this issue after it concluded its investigation, but inadvertently filed a draft of the complaint that did not include the claim.

**6. Evidence Preservation**

The parties have reviewed their document preservation practices and have agreed to preserve all documents which may be relevant to the instant lawsuit. The parties do not anticipate that the preservation of electronic data will be an issue in this case.

**7. Disclosures**

The parties will exchange Initial Disclosures no later than September 11, 2008.

**8. Discovery**

The scope of discovery will include the following topics: the claimants' status as qualified individuals with a disability as defined by the ADA; Defendant's determination that the claimants had a severe latex allergy; whether any claimants have a latex allergy and if so, the extent of the allergy; whether there was a reasonable accommodation that would have permitted any of the claimants to work for Defendant; claims for damages; Defendant's affirmative defenses; all facts relevant to the facts and legal issues discussed in sections 2 and 3 above.

The parties agree that discovery will be conducted according to the Federal Rules of Civil Procedure; however the parties seek leave of court to exceed the ten (10) deposition limit established by Rule 30(a)(2) and the twenty-five (25) interrogatory limit established by Rule 33.

Defendant John Muir requests that the Court enlarge the number of depositions that John

COMPLAINT                                                              6.

Muir is permitted from 10 to 16, based on John Muir's expectation that it will take the depositions of all seven current class members, their physicians, and at least two representatives of the EEOC. John Muir will try to work cooperatively with the EEOC if it believes additional depositions are warranted, and if a compromise cannot be reached, will seek leave of Court. The EEOC does not anticipate needing more than 10 depositions at this time, but will try to work cooperatively with Defendant if it believes additional depositions are warranted, and will only seek leave of Court if it determines that a compromise cannot be reached.

Defendant John Muir also requests that the Court enlarge the number of interrogatories from 25 to 40, based on the scope of the claims in this action and the number of claimants. Plaintiff EEOC requests that the Court enlarge the number of interrogatories from 25 to 40 based on Defendant's assertion of eighteen affirmative defenses and the scope of the claims in this action and the number of claimants.

The parties will try to work cooperatively if they believe additional interrogatories are warranted, and if a compromise cannot be reached, will seek leave of Court.

**9. Class Actions**

The EEOC has filed this action on behalf of a "class" of aggrieved applicants. The EEOC contends that in *General Telephone Co. of the Northwest v. E.E.O.C.*, 100 S.Ct. 1698 (1980), the United States Supreme Court clearly established that Section 706 of Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e-5), allows the EEOC to litigate in its own name on behalf of a group of individuals and that such litigation is not subject to the provisions of Federal Rule of Civil Procedure 23. Section 107 of the Americans with Disabilities Act incorporates Section 706 of Title VII. 42 U.S.C. §12117(a).

Defendant John Muir contends that permitting the EEOC to pursue this lawsuit without complying with the requirements of Federal Rule of Civil Procedure 23 violates its rights to due

COMPLAINT 7.

process.

**10. Related Cases**

None Known.

**11. Relief**

The EEOC seeks compensatory damages pursuant to the Civil Rights Act of 1991 on behalf of the claimants for emotional distress they suffered and continue to suffer as a result of Defendant's misdiagnosis of their medical condition and its rescission of the job offers. Pursuant to the Civil Rights Act of 1991 each claimant is entitled to receive up to $300,000 in emotional distress and punitive damages. In addition, the EEOC seeks lost wages incurred as a result of Defendant's failure to hire the claimants. The lost wages will be calculated based on the actual income lost by each claimant taking into consideration their efforts to mitigate their damages. The EEOC also seeks injunctive relief requiring Defendant to modify its hiring policies and procedures such that applicants receive appropriate medical tests to determine whether they are actually allergic to latex and, if so, whether they can work safely despite the allergy. Finally, the EEOC also seeks punitive damages.

Defendant seeks judgment in its favor, its costs, and its fees.

**12. Settlement and ADR**

The parties have agreed to mediation which will be scheduled and conducted as soon as practicable after the completion of targeted discovery. More specifically, the parties will exchange written discovery and EEOC will depose the decision-makers and/or expert witnesses in this case and Defendant plans to depose the claimants and their physicians and/or expert witnesses before scheduling mediation. The parties filed the "Stipulation and (Proposed) Order Selecting ADR Process" on August 29, 2008.

**13. Consent to Magistrate Judge**

COMPLAINT                                                                 8.

The parties have not consented to a U.S. Magistrate Judge in this lawsuit.

**14. Other References**

Not Applicable.

**15. Narrowing of Issues**

The parties have not identified any issues which can be narrowed.

**16. Expedited Schedule**

An expedited schedule is not appropriate for this case.

**17. Scheduling**

Based on the current estimate of a class consisting of seven (7) individuals, and no intervention in the lawsuit by the charging parties individually, the parties propose the following schedule:

**Expert Disclosure Deadline:** September 1, 2009
**Rebuttal Expert Disclosure Deadline:** July October 1, 2009
**Non-expert Discovery Deadline:** October 30, 2009
**Expert Discovery Deadline:** November 30, 2009
**Dispositive Motions Filing Deadline:** December 30, 2009
**Dispositive Motions Hearing Deadline:** February 3, 2010
**Pretrial Motion Filing Deadline:** February 17, 2010
**Pretrial Motion Hearing Deadline:** March 10, 2010
**Pretrial Conference:** March 31 2010
**Trial:** May 17, 2010

The parties expect that this schedule may have to be modified if additional claimants are identified, and/or individual claimants intervene

**18. Trial**

This case will be tried by jury. Based on current information, the parties estimate that they will require three to four weeks to try the case. The parties will have a better assessment of the potential duration of the trial as the case proceeds.

**19. Disclosure of Non-party Interested Entities or Persons**

Plaintiff identifies Charging Parties Robin Russell and Erika Thompson and others similarly

COMPLAINT                                                         9.

situated as interested persons.

On June 20, 2008, Defendant John Muir filed a certification of interested entities or persons as required by Civil Local Rule 3-16.  The contents of the certification are restated here as follows: Pursuant to Civil L.R. 3-16, [Defendant] certifies that as of this date, other than the named parties, there is no such interest to report.

**20. Other Matters**

None known.

Dated: September 3, 2008          EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

By:   /s/ Marcia L. Mitchell
         MARCIA L. MITCHELL
         Attorney for Plaintiff
         EQUAL EMPLOYMENT OPPORTUNITY
         COMMISSION

Dated: September 3, 2008          MUSICK, PEELER & GARRETT, LLP

By:   /s/ Adam L. Johnson
         DAVID M. LESTER
         ADAM L. JOHNSON
         Attorneys for Defendant
         JOHN MUIR HEALTH

E-filing concurrence:  I, Marcia L. Mitchell, attorney for Plaintiff EEOC, attest that I have obtained the concurrence of Adam Johnson and David Lester, attorneys for defendant John Muir Health, for the filing of the instant pleading.

Dated:     September 3, 2008

  /S/ Marcia L. Mitchell
MARCIA L. MITCHELL
Senior Trial Attorney

COMPLAINT                                                  10.

**CASE MANAGEMENT ORDER**

The Case Management Statement and Proposed Order are hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.

**IT IS SO ORDERED.**

Dated:

_____

PHYLLIS J. HAMILTON
United States District Court Judge