UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| EEOC, | No. C 08-02634 LB |
| Plaintiff, | **DISCOVERY ORDER RE AUGUST 11, 2010 JOINT LETTER [ECF No. 45]** |
| v. | |
| JOHN MUIR HEALTH, | |
| Defendant. | |

## I. BACKGROUND

On May 27, 2008, the Equal Employment Opportunity Commission ("EEOC") filed this action pursuant to Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991, alleging that Defendant John Muir Health failed to hire a class of applicants (the "Claimants") because it regarded them as disabled by severe latex allergies. Complaint, ECF No. 1 at 1; Joint Case Management Statement, ECF No. 15 at 2. Specifically, the EEOC contends that after administering blood tests, Defendant's occupational physician imposed a "no exposure to latex" restriction on the applicants after concluding that they had life-threatening (Type I) latex allergies. Joint CMC Statement, ECF No. 15 at 2. It alleges that, relying on this information, Defendant withdrew the conditional offers of employment on the basis that the Claimants could not work in any position in a hospital setting. *Id*. Instead of refusing to hire Claimants, the EEOC asserts that Defendant should have sought comprehensive allergy screening with an allergist to determine whether the Claimants were actually allergic to latex and, for those with severe latex

C 08-02634

allergies, should have considered providing a reasonable accommodation. *Id*.

Defendant maintains that after extending conditional offers of employment to the Claimants, Defendant sent them to an occupational health physician who informed Defendant that the Claimant-applicants had serious latex allergies. *Id*., ECF No. 15 at 3. Defendant then determined whether the particular restrictions regarding exposure to latex could be accommodated in the particular jobs for which each individual applied, and concluded that it could not accommodate those restrictions. *Id*.

On June 2, 2010, the Honorable Phyllis Hamilton, the presiding judge in this matter, referred the action to the undersigned for discovery purposes. ECF No. 37. On August 11, 2010, the parties filed a joint letter regarding Defendant's discovery responses to interrogatories and requests for production. ECF No. 45. The EEOC contends that Defendant's responses to fifteen of its Requests for Production and its responses to two interrogatories are insufficient. It thus requests that the Court overrule Defendant's objections and compel it to produce the responsive documents and information. The Court has reviewed the parties' arguments and rules as follows:

## II. DISCUSSION

**A. Requests for Interrogatories**

1. <u>Request for Interrogatories No. 1</u>

Interrogatory No. 1 asks Defendant to identify and provide contact information for applicants who received a work restriction related to latex allergy or sensitivity. *Id*. at 7.

Defendant objects to the interrogatory on the grounds that it is vague and ambiguous as to the relevant period, invades the privacy rights of third parties, and is irrelevant, overbroad, harassing, unduly burdensome, and oppressive. *Id*.

The EEOC contends that, in response to the interrogatory, Defendant has only identified and provided information for the Claimants in this lawsuit. *Id*. at 24. It argues that information about *other applicants* who received a work restriction related to latex allergy or sensitivity is relevant because it will allow the EEOC to contact witnesses regarding their treatment related to the allergy or sensitivity. *Id*.

Defendant counters that it has already provided information for all individuals who were given a "no exposure to latex" or similar restriction (regardless of whether the individual's offers were

rescinded or whether they came to work for Defendant) in response to the EEOC's Request for Production No. 17. *Id*. It objects to providing information for individuals who were not provided with a "no exposure to latex" or similar restriction because it would invade the privacy rights of the individuals, is irrelevant, and would require a massive review of employee files to identify the individuals. *Id*.

The information sought is relevant to the issue of Defendant's treatment or accommodation of other applicants with a similar latex allergy. As for privacy, assuming personal information is redacted, the third-parties' information should be sufficiently protected. If Defendant maintains that there are no other applicants who fit the criteria, Defendant shall file a declaration stating that all individuals and documents responsive to the interrogatory have been identified and the relevant documents have been produced.

**Ruling: Objections overruled.**

2. Request for Interrogatories No. 2

In Request for Interrogatories No. 2, the EEOC seeks the identity and contact information for employees who received a work restriction related to latex allergies or sensitivity. *Id*. at 7. Defendant raises the same objections to this interrogatory as it does to Request for Interrogatories No. 1. *Id*. Likewise, Defendant states that it supplements its response by reference to documents produced in relation to the 14 individuals it identified in response to Request for Production No. 17. *Id*. at 25-26.

As with Request for Interrogatories No. 1, this information is relevant to the issue of Defendant's treatment or accommodation of employees with a similar latex allergy. If Defendant maintains that all individuals have been identified - as supplemented - Defendant shall file a declaration to that effect.

**Ruling: Objections overruled.**

/ / /

/ / /

/ / /

**B. Requests for Production**

1. <u>Request for Production No. 12</u>

The EEOC seeks production of collective bargaining agreements in effect from January 1, 2003 until the present for nine job positions. It argues that the agreements are relevant "because they usually contain information relevant to employment issues such as seniority, wage and hour parameters, available benefits and employer/union agreements regarding EEO issues." *Id*. at 8. Defendant objects on the ground that the agreements are irrelevant and the request is overbroad, in that, Ashley Harvey is the only Claimant potentially subject to a collective bargaining agreement. *Id*.

The Court agrees that the EEOC has failed to sufficiently articulate why the collective bargaining agreements are relevant if they would not apply to any of the Claimants except for Ms. Harvey. Further, because only one claimant would be covered under the requested agreements, the request is overbroad.

**Ruling: Objections sustained in part, overruled in part as follows: Defendant shall produce the collective bargaining agreement applicable to Ms. Harvey.**

2. <u>Request for Production No. 16</u>

The EEOC seeks a copy of any documents relating to all complaints of discrimination on the basis of disability filed by any of Defendant's applicants and employees. *Id*. at 2. It contends that prior complaints of disability discrimination are relevant as a source of information regarding Defendant's practices. *Id*. at 9.

Defendant objects on the grounds that the request seeks irrelevant information and is overbroad, harassing, unduly burdensome, and oppressive. *Id*. at 2. It argues that the request seeks every conceivable type of disability "complaint" made against it, and is not reasonably limited in time or to only complaints from similarly-situated individuals. *Id*. at 9. Defendants further argues that providing this type of information would infringe on current and former employees' rights to privacy. *Id*.

The Court agrees with the EEOC that prior complaints of disability discrimination may be

1  relevant.  *See e.g., Scott v. Leavenworth Unified Sch. Dist.*, 190 F.R.D. 583 (D. Kan. 1999); *Jackson
2  v. Montgomery Ward & Co., Inc.*, 173 F.R.D. 524 (D. Nev. 1997).  However, the Court agrees with
3  Defendant that the EEOC's request is overbroad in its scope and time frame.  Particularly, the EEOC
4  has not limited its request for disability complaints that involve conditions similar or analogous to
5  Claimants'.  Moreover, the EEOC has not limited the time frame of the requested discrimination
6  complaints or explained why all disability complaints – regardless of when they occurred – are
7  relevant and not overbroad.

**Ruling: Objections sustained without prejudice to the EEOC reasserting its request to compel production of prior disability discrimination complaints in a joint letter after meeting and conferring in accordance with the Court's discovery dispute resolution procedures.**

3.  Request for Production No. 17

The EEOC seeks all documents relating to reasonable accommodations sought or received by any of Defendant's applicants or employees related to latex sensitivities and latex allergies. *Id*. at 2. Defendant contends that it already properly responded to this request by producing all relevant and responsive documents, including responsive documents for the Claimants, former Claimants, and responsive documents for 14 other similarly-situated individuals who had the same or similar work restrictions as the Claimants or similar work restriction.  *Id*. at 11.  Defendant further contends that it should not be required to conduct a massive search by hand through thousands of employee files to identify employees who had significantly different latex restrictions than Claimants', and whose restrictions Defendant has already admitted that it could and did accommodate.  *Id*. at 12.

The Court agrees that the information sought is relevant and that Defendant has failed to show that the request is overbroad, unduly burdensome, oppressive, or harassing.  Further, Defendant may redact information personally identifying the applicants or employees, thereby protecting any third-party privacy interests.

**Ruling: Objections overruled.**

/ / /

/ / /

4. Request for Production No. 48

The EEOC seeks all documents reflecting the diagnosis of latex allergy or sensitivity, the workplace restriction related to the latex allergy or sensitivity, and any action Defendant took for each individual Defendant identified in response to Interrogatory No. 1. *Id*. at 2-3. It contends that Defendant only produced documents related to individuals whose offers of employment had been withdrawn - essentially, only the claimants in this case. *Id.* at 13. It argues that Defendant must produce information related to *any* workplace restrictions imposed on applicants and employees related to latex allergies or sensitivities because such information is relevant to both the EEOC's claims and Defendant's defenses. *Id*.

Defendant maintains that it complied with this request by producing all of the requested documents for each individual identified in its response to Interrogatory No. 1 – which consisted of the Claimants and a former Claimant. *Id*.

**Ruling: Objections overruled consistent with the Court's rulings as to Request for Interrogatories Nos. 1 and 2.**

5. Request for Production No. 49

The EEOC seeks all documents reflecting the diagnosis of latex allergy or sensitivity, the workplace restriction related to the latex allergy or sensitivity, and any action Defendant took for each individual identified in Defendant's response to Interrogatory No. 2. *Id*. at 3.

The EEOC argues that, although Defendant indicated that disclosure would "be permitted as requested," Defendant only produced information for 14 individuals who received a "no exposure to latex" work restriction from its occupational medicine provider. *Id*. at 14. The EEOC argues that Defendant must produce information related to *any* workplace restrictions imposed on employees related to latex allergies or sensitivities. *Id*.

Defendant counters that it identified Claimant Ashley Harvey and 14 other former or current employees who were provided with a "no exposure to latex" or similar restriction in response to Interrogatory No. 2, and produced all documents responsive to Interrogatory No. 49 for those individuals. *Id*. at 15. It therefore maintains that it satisfied Interrogatory No. 49.

**Ruling: Objections overruled consistent with the Court's ruling as to Request for Interrogatory Nos. 2.**

6.  <u>Request for Production No. 50</u>

The EEOC seeks final and audited copies of all of Defendants' Financial Statements from 2003 to the present.  The term "Financial Statements" is defined as including "Balance Sheets, Profit and Loss Reports, Condense Balance Sheets, Statements of Operations and Accumulated Deficits, Total Budgetary Expenditures, Condensed Statements of Operations and Accumulated Deficits, Statements of Cash Flow and Notes to Financial Statements." *Id*. at 3.

Defendant objects on the grounds that the business documents are proprietary and/or confidential, the request seeks documents that are irrelevant, premature, overbroad, harassing, unduly burdensome, and oppressive. *Id*.  The EEOV, however, argues that Defendant's financial information is relevant because the EEOC is seeking punitive damages in this action. *id*. at 15-16.

The EEOC indicates that it is willing to curtail this request to seek only Defendant's IRS Form 990 from the period of January 2003 through the present. *Id*. at 28.  Defendant concedes that this form is publicly-filed; thus these documents are not confidential, nor are any of Defendant's other objections applicable to this limited request.

**Ruling: Objections overruled as to Defendant's IRS Form 990 from January 2003 until the present; denied as moot in all other respects.**

7.  <u>Request for Production No. 51</u>

The EEOC seeks all of Defendant's Income Tax Returns for the years 2003 to the present. *Id*. at 3.  Defendant asserts the same objects as to Interrogatory No. 50.  The EEOC indicates that it is willing to limit its request to Defendant's IRS Form 990 for the period January 2003 through the present.  This information is not confidential, and none of Defendant's other proffered objections are applicable.

**Ruling: Objections overruled.**

8. Request for Production No. 52

The EEOC seeks all employee latex RAST tests results that indicated an IgE value above .035. *Id*. at 3.  Interrogatory No. 52 further states that, for purposes of this request, Defendant may redact the names, social security numbers, and contact information of the individuals, as long as Defendant assigns a unique numerical identifier to each individual and maintains records of the numerical identifier so that the name can be produced if compelled. *Id*.

Defendant objects on the bases that the request invades the privacy rights of third parties, is irrelevant, overbroad, harassing, unduly burdensome, and oppressive. *Id*. It also asserts that responding to the request would require review thousands of paper files of past and present employees by hand. *Id*.

The EEOC argues that because Defendant is arguing in this case that it has accommodated employees with latex allergies, the EEOC is entitled to discover information regarding employees with postive RAST tests and how Defendant addressed their test results. *Id*. at 17.  It further notes that the privacy rights of third parties will be protected by the redactions of personal information.

Defendant argues that it produced all documents responsive to this request for employees with a "no exposure to latex" or similar restriction, *i.e.,* for all employees identified in Request for Production No. 17.  It contends that a review of employee files by hand would be necessary because the STIX database does not contain information that would allow it to provide a further response to this request. *Id*. at 18.

The Court finds that this information is relevant and that Defendant has failed to demonstrate that any of its other objections are meritorious.  Particularly, the Court is unpersuaded by Defendant's assertion that it would be unduly burdensome for it to review its employee files to compile this information.

**Ruling: Objections overruled.**


9. Request for Production No. 53

In Request for Production No. 53, the EEOC seeks all documents that evidence, discuss, or concern latex-related work restrictions imposed on the employee for each employee identified in

response to Request for Production No. 52. *Id*. at 4.  The parties present the same positions here as they did with respect to Request for Production No. 52.

**Ruling:  Objections overruled.**

10. Request for Production No. 54

In Request for Production No. 54, the EEOC seeks all pre-employment latex RAST test results that indicated an IgE value above .035 for each applicant who was given a conditional offer of employment and was tested for latex allergy during their pre-employment physical. *Id*. at 4.

Defendant objects to this request on the grounds that it invades the privacy rights of third parties and is overbroad. *Id*. It also states that it is unable to comply with this request because it generally does not know whether the outside physician group that conducts its pre-employment physicals conducts a latex test as part of a particular applicant's physical or the results of such test. *Id*. The EEOC counters that the information responsive to this request is maintained by Defendant's Occupational Medicine Healthcare provider, and that Defendant was able to obtain the same information for the Claimants in the past.  It therefore asserts that pursuant to Federal Rule of Civil Procedure 34(a), Defendant must produce the requested documents because Defendant has a legal right to obtain the documents and has control over the Occupational Medicine Healthcare provider who possesses the documents. *Id*. at 19  The EEOC also argues that the privacy of the third parties is protected by redacting any personal information. *Id*.

Defendant responds that it does not have control over the outside physician group that conducted the tests and that the only reason it was able to obtain the RAST tests for the Claimants is that the EEOC requested the tests for specific individuals as part of its pre-lawsuit investigation and the physician's group agreed to provide the documents based on the EEOC's purported authority to demand the documents. *Id*. at 19.  Further, Defendant argues that even if it could get access to the records, it would require reviewing thousands of medical files by hand. *Id*.

**Ruling: Objection sustained on the sole ground that Defendant has stated that it does not have access to the test results.**

11.  Request for Production No. 55

Request for Production No. 55 states that, for each applicant identified in response to Request for Production No. 54, Defendant should produce all documents that evidence, discuss, or concern latex related work restrictions imposed for the employee. *Id*. at 4-5.  The parties assert the same positions with respect to this request as Request for Production No. 54.

**Ruling: Objection sustained consistent with the Court's ruling as to Request for Production No. 54.**

12.  Request for Production No. 56

In Request for Production No. 56, the EEOC seeks all policies and procedures that concern the topic of latex allergies and/or sensitivities, including all drafts, revisions, and final versions of such policies. *Id*. at 5.  The request identifies five specific policies. *Id*.

Defendant objects to the request on the grounds that it seeks documents that are irrelevant, and the request is overbroad, harassing, unduly burdensome, and oppressive. *Id*.  It also asserts that the EEOC has already requested and been provided with the relevant policies and procedures in effect at the relevant time. *Id*.  The Court is unpersuaded by Defendant's objections.

**Ruling: Objections overruled.**

13. Request for Production No. 61

In Request for Production No. 61, the EEOC seeks all documents which evidence and/or relate to work restrictions imposed due to a latex allergy or sensitivity for each individual listed on John Muir/Mt. Diablo Report on Latex Allergies/Exposures. *Id*. at 6.  Defendant objects, asserting that the request invades the privacy rights of third parties, is irrelevant, overbroad, harassing, unduly burdensome, and oppressive.

Plaintiff contends that this request concerns latex blood tests for those individuals who Defendant identified as having filed latex allergy/sensitivity-related workers compensation claims. *Id*. at 22.  It argues that the information is relevant because Defendant will be asserting a "direct threat" defense, so the EEOC is entitled to discover the details regarding any injuries at Defendant's

hospitals related to latex, including related test information. *Id*.

Defendant argues that the request seeks latex RAST tests and documentation regarding work restrictions or accommodations pertaining to individuals listed on a report of worker's compensation claims possibly relating to latex for the period 1974 to January 1, 2004, that was prepared by Defendant's workers' compensation insurer to support Defendant's decision to switch to non-latex exam gloves in 2004-05. *Id*. at 22. It asserts that there were no latex-related workers' compensation claims after January 1, 2003 to the present, which is the time period that the EEOC has identified as the "relevant period" in this case. Defendant further argues that the EEOC should have requested any additional documents for the 1974 - January 1, 2004 period from Defendant's workers' compensation carrier and given the employees whose files it is seeking an opportunity to object to production of any private medical records. *Id.*

**Ruling: Objections sustained on the ground that Defendant has stated that there were no latex-related workers' compensation claims during the relevant period.**

14. Request for Production No. 62

Request for Production No. 62 seeks, for each individual listed on John Muir/Mt. Diablo Report on Latex Allergies/Exposures, all documents which evidence and/or relate to any work-related accommodations or modifications that were made to enable the individual to work despite the latex allergy or sensitivity.

The parties present the same positions with respect to this request as they did with respect to Request for Production No. 61.

**Ruling: Objections sustained on the ground that Defendant has stated that it produced all relevant documents regarding accommodations and modifications for employees with latex allergies.**

15. Request for Production No. 70

Request for Production No. 70 seeks, for the period January 1, 2001 to the present, all STIX reports reflecting an employee's latex allergy or sensitivity. Defendant objects on the bases that the

request is overbroad, invades the privacy rights of third parties, and is harassing, unduly burdensome, and oppressive.

The EEOC contends that the STIX database contains latex-related information for employees, including latex test results. *id*. at 23. It argues that it is entitled to explore whether Defendant employs individuals with latex test results equal to the Claimants' and how their latex allergies/sensitivities are addressed by Defendant. *Id*. Defendant maintains that it provided STIX reports for all employees with a "no exposure" or similar latex restriction (*ie.,* the 14 individuals identified in response to Request No. 17) if the report was in the employee's chart. *Id*. at 23-24. Defendant states that it does not have STIX reports for applicants and objects to producing STIX reports for other employees with latex restrictions other than a "no exposure" or similar restriction because such information invades the privacy rights of third parties and is irrelevant. *Id*. at 24.

**Ruling: Objections overruled.**

**IT IS SO ORDERED.**

Dated: August 25, 2010

_____
LAUREL BEELER
United States Magistrate Judge