UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EEOC,

        Plaintiff,                                No. C 08-2634 PJH

   v.                                       **ORDER**

JOHN MUIR HEALTH,

        Defendant.

_____/

        The court is in receipt of defendant's "Motion for Relief from Non Dispositive Pretrial Order," in which defendant seeks relief from the Magistrate Judge's August 25, 2010 discovery order. Specifically, defendant seeks relief with respect to the Magistrate Judge's rulings in connection with Interrogatories 1 and 2, and Request for Production Nos. 17, 48, 52, 53 and 70, to the extent they require production of information or documents for defendant's employees with latex-related work restrictions that are not similar to those of claimants in the action.

        Having reviewed defendant's objections and the August 25 discovery order, the court agrees with the Magistrate Judge's ruling that the information sought in Interrogatories 1 and 2 is relevant to the issue of defendant's treatment or accommodation of other applicants/employees with work restrictions related to similar latex allergies, and must be produced for the 2003-2007 time period. Insofar as defendant highlights a distinction between information "related to latex allergies or sensitivity" and information related to "similar latex allerg[ies]," this distinction is a semantic one. Production of information "related to latex allergies or sensitivity" requires, as the Magistrate Judge

instructed, production of information related to "similar" latex allergies. It does not, however, limit production of information to that related to the *same* latex allergies as the applicants/employees. Thus, while the court reads the Magistrate Judge's order to properly require that defendant produce information for individuals with similar latex allergies and sensitivities, the court does not agree with defendant that information related to 'similar' latex allergies is limited to individuals that have the same work restrictions as the claimants. Rather, employees and applicants' differing work restrictions, so long as they are related to latex allergies and sensitivity, may be responsive and relevant. Moreover, while defendant asserts that the Magistrate Judge's order is also overly broad and would require a "massive" and unduly burdensome document review, defendant provides no support for this sweeping conclusion. It has failed to substantiate the purportedly massive scope of any production, or the amount of time it would undertake to produce the required information. Thus, defendant's objection on this basis is OVERRULED.

To the extent defendant contends that it should not be required to provide the personal identities and contact information of those applicants and/or employees with similar latex allergies and work restrictions on the basis of medical right to privacy concerns, the court agrees with defendant that the applicants/employees' identities and contact information should not normally be produced – in view of these third parties' privacy interests – unless the information is first demonstrated to be probative of a material issue in dispute. However, the court construes the Magistrate Judge's order to already address these privacy concerns, since the discovery order appears to require that all personal information be redacted from any production. Accordingly, defendant's objection on this basis, too, is OVERRULED.

**IT IS SO ORDERED.**

Dated: September 15, 2010

PHYLLIS J. HAMILTON
United States District Judge

2